IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Andy Trinity Cook, <br><br> Plaintiff, <br><br> v. <br><br> Sgt. M. Jinks, Ofc. C. Eagan, and Nurse L. Bell, <br><br> Defendants. | C/A No. 9:23-cv-2919-SAL <br><br><br> **ORDER** |

Plaintiff Andy Trinity Cook, a pro se litigant, filed this action pursuant to 42 U.S.C. § 1983 against the named defendants for denial of medical attention and care at the York County Detention Center. Plaintiff Cook filed a subsequent motion, seeking access to the law library at the South Carolina Department of Corrections, where he is currently incarcerated. This matter is before the court on the November 17, 2023, Report and Recommendation (the "Report") issued by United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the court deny Plaintiff's motion for access to the law library, which she interprets as a motion for a temporary restraining order or a preliminary injunction. [ECF No. 23.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Since the Report issued in November, Plaintiff has filed a motion to appoint counsel, which was denied, ECF Nos. 25, 26, and he filed medical records with the court, ECF No. 31. However, Plaintiff has not filed objections, and the time for doing so has expired.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 23, and incorporates it by reference herein. As a result, Plaintiff's motion for access to the law library, EFC No. 14, is **DENIED**. This matter remains with the magistrate judge for preliminary matters.

**IT IS SO ORDERED.**

March 25, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

2