IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Andy Trinity Cook,<br><br>   Plaintiff,<br><br>v.<br><br>Sgt. M. Jinks, Ofc. C. Eagan, and Nurse L. Bell,<br><br>   Defendants. | C/A No. 9:23-cv-02919-SAL<br><br><br>**ORDER** |

  Plaintiff Andy Trinity Cook ("Cook"), a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983 asserting Defendants violated his constitutional rights while he was a pretrial detainee at York County Detention Center ("YCDC"). *See* ECF No. 1. Specifically, he claims Defendants exhibited deliberate indifference to his medical needs while he was going through fentanyl withdrawals. *See* ECF No. 1 at 5–7; ECF No. 48 at 1. The essence of the claim is that, due to inadequate treatment for his withdrawal symptoms, Plaintiff passed out and hit his head on a toilet. *See* ECF No. 1 at 7. The magistrate judge assigned to this case recommended granting Defendant's motion for summary judgment for several independent reasons, *see* ECF No. 42, and without timely objections filed by either party, the court did so, entering judgment in favor of Defendants on October 15, 2024. ECF No. 44.

  Cook's objections arrived, however, on November 1, 2024, along with a "motion to answer out of time." *See* ECF Nos. 47, 48. Out of an abundance of caution and based on Plaintiff's representation that he did not receive timely notice of the magistrate judge's report, *see* ECF No. 47, the court granted the motion and vacated the judgment in order to resolve this case based on

1

the merits of Cook's objections. *See* ECF No. 49. We turn to the merits now and address Cook's objections.

## BACKGROUND

In the interest of brevity, the magistrate judge's statement of the facts is incorporated herein. *See* ECF No. 42 at 1–4. In sum, Cook was booked into YCDC on August 30, 2022. *See* ECF No. 34-7 at 5. The same day, though he asked to be prescribed Seroquel for withdrawal symptoms, Cook was prescribed Vistaril. *See* ECF No. 34-7 at 6. On August 31, 2022, a nurse observed Cook in his cell, and he complained of nausea. *Id.* at 8. The nurse observed emesis in Cook's toilet, so she ordered Zofran after confirming with Cook that he was on a Vistaril protocol for withdrawals. *Id.*

Cook alleges that some time in the early morning hours of September 1, 2022, he "passed out" and hit his head on a toilet, which caused a laceration above Cook's eye. *See* ECF No. 1 at 5-6. According to the incident report, officers responded to Cook's cell after hearing a call for help at approximately 6:30 A.M. *See* ECF No. 34-8 at 2. The report states Cook was found "sitting on his bed shaking with a cut above his eye and blood around his nose," and he was immediately transported to a nearby hospital for further evaluation and treatment. *See id.*; ECF No. 34-7 at 11–16. Cook was treated at the hospital and thereafter returned to YCDC. ECF No. 1 at 6. Cook filed this action on June 22, 2023, *id.*, and Defendants moved for summary judgment on March 22, 2024. ECF No. 34.

In the report, the magistrate judge recommends granting summary judgment in favor of Defendants because (1) Cook failed to establish a genuine issue for trial on the merits of his deliberate indifference claim, in large part because Cook merely disagrees with the medical treatment he received; (2) Defendants are entitled to Eleventh Amendment immunity in their

official capacities; (3) liberally construing Cook's claim as one for medical malpractice, he has failed to establish a triable issue as to the standard of care, Defendant's failure to conform to the standard, or that Defendant's failure to conform to the standard proximately caused Cook's fall; and (4) Defendants are entitled to qualified immunity.

In Cook's objections to the report, he first maintains that Defendants were unethical and treated him poorly while he was going through withdrawals. ECF No. 48 at 1. Specifically, Cook objects at this stage to Defendants' assertion that he was receiving "copious amounts of medical attention at YCDC before . . . being hospitalized" and requests "body camera footage where I was seen by medical." *Id.* He further claims that, on the morning of September 1, 2022, he was not sitting on his bed but rather lying on the floor. *Id.* Cook finally makes a general request to deny summary judgment until he is released from custody because he will be able to litigate his case better upon his release.

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the report that have been specifically objected to, and the court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1). An objection is sufficiently specific if it reasonably alerts the district court of the true ground for the objection. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). In the absence of specific objections, the court is not required to provide an explanation for adopting the report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Each of Cook's objections fails to demonstrate why there is a genuine issue of material fact for trial in this case. They are otherwise non-specific or request relief that is not warranted by the record before the court. The court agrees with the magistrate judge's analysis as to why summary judgment must be granted, and the court adopts the same analysis. Accordingly, the objections are overruled.

First, Cook requests the production of body camera footage during his medical visits. It remains undisputed, however, that Cook was seen by medical personnel and given medical treatment for his withdrawal symptoms. Specifically, he was prescribed Vistaril the same day he was booked into YCDC, and he was prescribed Zofran the next day when he first began to complain of nausea. *See* ECF No. 42 at 8. And as the magistrate judge discussed in her report, Cook's disagreement about the propriety of the medical treatment he received falls short of a constitutional violation. *Id.* at 9 (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)). Cook makes no argument about how body camera footage will establish a genuine issue for trial, but instead appears to claim that the footage will establish that Defendants "acted very poorly and unethical in the way they treated" him. ECF No. 48 at 1. While the court liberally construes Cook's filings because he is a *pro se* litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such a generalized claim does not constitute a proper objection or warrant the requested relief. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citation omitted).

4

Next, Cook asserts that after he fell on September 1, 2022, he did not get up to sit on his bed as the incident report described him. ECF No. 48 at 1. Rather, he states that he remained "unconscious on the floor" until officers helped him into a wheelchair. *Id.* While this amounts to a factual dispute, it is not a dispute over a material fact. Nowhere in Cook's complaint does he allege indifference to his fall on September 1, 2022. *See* ECF No. 1 at 5–7. He alleges quite the opposite. To be sure, Cook alleges that on the morning of his fall, YCDC called a "medical code and locked the whole jail down because of my situation. After I was wheelchaired down to booking, the ambulance and outside medical staff were waiting and transported me to Piedmont Medical Center." *Id.* at 6. Accordingly, the factual dispute regarding the severity of Cook's condition *after* he fell is not material for purposes of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Finally, the court declines Cook's request to delay resolution of this case until after he is released from custody. *See* ECF No. 48 at 2. The court is cognizant of Cook's argument that "resources are limited" while litigating as an incarcerated *pro se* party, *id.*, however, Cook fails to provide any information about what steps he plans to take upon his release that would enable presentation of a meritorious claim that would survive summary judgment for the reasons set forth in the magistrate judge's report.

For the foregoing reasons, each of Cook's objections fail to demonstrate the existence of a genuine issue of material fact sufficient for his claims to survive Defendants' motion for summary judgment. Accordingly, the objections must be overruled.

## CONCLUSION

Plaintiff's objections, ECF No. 48, are **OVERRULED**. The court **ADOPTS** the magistrate judge's report and recommendation, ECF No. 42, in its entirety, and incorporates the report herein by reference. Accordingly, Defendants' motion for summary judgment, ECF No. 34, is **GRANTED**.

**IT IS SO ORDERED.**

December 20, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge